USCA1 Opinion

 

 NOT FOR PUBLICATION NOT FOR PUBLICATION ___________________ UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1745 CARL M. BERKE, ET AL., Plaintiffs, Appellants, v. TAMBRANDS, INC., Defendant, Appellee. ____________________ No. 96-1830 DAVID A. FOX, Plaintiff, Appellant, v. TAMBRANDS, INC., Defendant, Appellee. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert B. Collings, U.S. Magistrate Judge] _____________________ ____________________ Before Boudin, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ James E. Grumbach with whom Marc E. Verzani and Zimble & ___________________ _________________ _________ Brettler, LLP were on consolidated briefs for appellants. ________ ___ Roger E. Podesta with whom Harry Zirlin, Debevoise & Plimpton, _________________ ____________ _____________________ Richard L. Nahigian and Sullivan, Sullivan & Pinta were on _____________________ ______________________________ consolidated brief for appellee. ____________________ April 24, 1997 ____________________ Per Curiam. Plaintiffs appeal from the district court's __________ summary judgment dismissal of their claims, most importantly that stock options and other incentive compensation promised by their employer, Tambrands Inc., should have been accelerated--rather than forfeited--when Tambrands sold its subsidiary Hygeia Sciences, Inc., the company for which the plaintiffs directly worked. Plaintiffs dispute the district court's reading of the underlying contracts; they also challenge several discovery rulings. After reviewing the briefs and the record, we conclude that the district court's thorough opinion correctly analyzed and resolved the questions presented. We affirm for substantially the reasons given below, separately discussing below only three points which were not squarely addressed in the district court. Some of the issues presented by the appeal are fairly debatable, but we see no reason to repeat in our words explanations that have been ably provided by the district court.  1. Plaintiffs argue on appeal that three plaintiffs who continued working for Hygeia until the date on which their options would have vested if they had remained in Tambrands' employ completed the requisite vesting period. They assert that the contractual requirement of two years' continued employment with "the Company," defined as "Tambrands and its subsidiaries," should be understood to mean employment by -2- -2- Tambrands and/or the subsidiaries it had at the time the options were granted--not at the time of exercise. This theory, although mentioned in the complaint, was not discussed at length by the magistrate judge, who directed his attention to a broader claim, namely, that the sale triggered an acceleration of the options. However, assuming that the present theory was fully preserved, at the end of two years the plaintiffs were no longer working either for Tambrands or a subsidiary of Tambrands, and therefore their options lapsed under the contract, which allowed exercise "only during the continuance of that Participant's employment by the Company." 2. In the district court, in addition to express contract claims, the plaintiffs pressed implied contract, unjust enrichment and quantum meruit claims. They based these latter claims on their allegation that they had made unusual efforts in support of the planned sale of Hygeia during 1989 and 1990 and as a result deserve, or were impliedly promised, the reward of acceleration of their options. On appeal, they have recast this theory, arguing that their contracts were impliedly modified, or alternatively that Tambrands' continuation of its incentive compensation programs during 1989 and 1990 either estops Tambrands from refusing acceleration or constitutes a waiver of any right to refuse acceleration. -3- -3- However, we agree with the district court's conclusion that the plaintiffs could not prove either that they could reasonably have expected acceleration, or that the defendants promised acceleration, in exchange for their sales efforts. We think that this conclusion supports dismissal of plaintiffs' modification, estoppel and waiver arguments, as well as the implied contract and related claims more clearly asserted in the district court and addressed by the magistrate judge's opinion. 3. Finally, plaintiffs contend on appeal that public policy considerations justify accelerating their options. They cite an Iowa case involving somewhat similar facts, Hilgenberg v. Iowa Beef Packers, Inc., 175 N.W.2d 353, 362-63 __________ _______________________ (Iowa 1970). In that case, a company that had promised options to employees sold one of its plants to new owners before the options vested. In the subsequent lawsuit, the court permitted the employees of the plant to exercise a portion of their options, even though the supposed vesting occurred after sale of the plant. The court relied heavily upon public policy. The difficulty is that the present agreement is governed by New York law as to the contract claims and Massachusetts law as to noncontractual claims. The New York and Massachusetts cases that are cited to us are not in point, and our independent research suggests that the case law in -4- -4- these two states does not carry the public policy argument quite as far as Hilgenberg. See Carlson v. Viacom Int'l __________ ___ _______ ____________ Inc., 566 F. Supp. 289, 290-91 (S.D.N.Y. 1983); McCone v. New ____ ______ ___ England Tel. & Tel. Co., 471 N.E.2d 47, 49-50 (Mass. 1984). _______________________ Affirmed. ________ -5- -5-